[Dkt. No. 29]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CHRISTOPHER KRAUS,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND C. SKRADZINKSI, et al.,<br><br>    Defendants. | Civil No. 15-2312 (RMB/AMD)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon the Motion for Partial Summary Judgment and Dismissal of Medical Malpractice/ Professional Negligence Claims for Failure to Timely Provide an Affidavit of Merit Pursuant to N.J.S.A. 2A:53A-29 [Dkt. No. 29] by Defendants CFG Health Systems, LLC ("CFG") and Jan Segal, PhD. For the reasons set forth herein, the Motion is GRANTED.

Plaintiff Christopher Kraus filed an Amended Complaint on December 4, 2015 alleging, in relevant part, a medical negligence claim against CFG only in Count 6 [Dkt. No. 12]. There is no allegation of medical negligence against Defendant Segal and, therefore, summary judgment as to Count 6 against her is GRANTED.[1]

---

[1] While Defendants assume in their Motion that Plaintiff has alleged such claim against Defendant Segal in Count 6, there is no reason for such assumption, as Count 6 makes no mention whatsoever of Defendant Segal.

Defendants filed an Answer on February 10, 2016 [Dkt. No. 19].  In relevant part, Defendant CFG pleaded the failure to state a claim and demanded the service of an Affidavit of Merit.  By statute, the 120-day time period for service of a timely and appropriate Affidavit of Merit in this matter expired on June 9, 2016.  On June 13, 2016, a day after Defendants filed the instant motion, and four days beyond the 120-day period, Plaintiff served an Affidavit of Merit [Dkt. No. 30].

The New Jersey "Affidavit of Merit" statute, N.J.S.A. 2A:53A-26 through 29, provides in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, **within 60 days** following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, **not to exceed 60 days**, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27 (emphasis added).

The 60-day extension for good cause permissible under the statute must be applied for and granted, and the Affidavit of Merit must be served within 120 days of the filing of the

2

Answer.  Lee v. Thompson, 163 F. App'x 142, 143 (3d Cir. 2006) (citing Burns v. Belafsky, 166 N.J. 466, 473-77 (2001)).

There is no dispute that Plaintiff filed the Affidavit of Merit outside the 120-day period.  Further, there is no dispute that Plaintiff did not seek a 60-day extension within the 120-day period.  Indeed, Plaintiff has never sought such extension.  Rather, Plaintiff responds with three arguments.  First, he substantially complied with the provisions; second, an Affidavit of Merit is not required as a matter of law; and third, CFG must answer to Plaintiff's civil rights claim anyway so the purpose of an Affidavit of Merit "will not be advanced."  The Court rejects the last argument outright.

As for the substantial compliance argument, Plaintiff's efforts to lay the blame at the feet of CFG are without merit.  The record reveals the following events.  On March 15, 2016, Plaintiff served a subpoena for medical records; Plaintiff's counsel's cover letter indicated that the subpoena was addressed to "Custodian of Records, Camden County Correctional Facility."  The subpoena was returnable April 5, 2016.  Pl. Opp. Ex. A [Dkt. No. 33-4].  That same day, counsel for CFG, via e-mail, stated to Plaintiff's counsel: "If and when you provide a signed HIPAA authorization form for release of records, I will obtain and provide records from Camden County."  Pl. Opp. Ex. B.  On April 13, 2016, Plaintiff's counsel advised that the records were

3

"vital to the preparation of Plaintiff's Affidavit of Merit." Pl. Opp. Ex. C. Plaintiff did not seek a 60-day extension as required under the statute. Plaintiff's counsel further stated "I assume you have no problem with Plaintiff supplying the Affidavit of Merit within forty-five (45) days after receipt of those records." Id. Counsel for CFG responded, in relevant part, "With respect to time-frame for service of the Affidavit of Merit, that is a matter of statutory law." Pl. Opp. Ex. D. One week later, on April 20, 2016, - with the medical records in Plaintiff's possession - Plaintiff's counsel wrote that he was having difficulty reviewing some of the notes and that he may need transcriptions by CFG, but that he would go through the records "[p]robably over the weekend" and get back to CFG's counsel. Pl. Opp. Ex. E; Defs. Reply Ex. 10 [Dkt. No. 34-5].

Yet Defendants heard no word from Plaintiff or his counsel between April 20, 2016 and June 9, 2016. Even assuming a 60-day extension, the 120-day period expired June 9, 2016. The day after the expiration of the 120-day period, Plaintiff's counsel provided CFG's counsel with a few pages that needed transcription. Pl. Opp. Exs. G-H. Three days later, on June 13, 2016, Plaintiff filed the Affidavit of Ryan D. Herrington, MD/MPH [Dkt. No. 30]. CFG's counsel sent Plaintiff's counsel the requested transcriptions on June 13 and 14, 2016. Defs. Reply Exs. 19-21 [Dkt. No. 34-8].

4

It is clear that had Plaintiff promptly advised CFG of the records requiring transcription, more than enough time existed to file the Affidavit of Merit, again assuming Plaintiff sought a 60-day continuance, which he did not.  There is no evidence in the record to account for the extensive delay between April 20, 2016, when Plaintiff advised that he would tell CFG which transcriptions were necessary, and June 9, 2016.  Moreover, CFG provided the transcriptions within three days once it received the request.  Clearly, CFG acted promptly, and the record is devoid of any evidence to support Plaintiff's position for the delay.  Finally, Plaintiff has produced no evidence to support the notion that the transcriptions were key to the preparation of the Affidavit of Merit.  The record suggests they were not.  For these reasons, Plaintiff's argument as to substantial compliance fails.

Plaintiff's argument that no Affidavit of Merit is required as a matter of law fares no better.  There is a "common knowledge" exception to New Jersey's Affidavit of Merit requirement. Bender v. Walgreen E. Co., 399 N.J. Super. 584, 590 (App. Div. 2008).  "The [common knowledge] doctrine . . . is appropriately invoked when the 'carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience.'"  Id. (quoting Estate of Chin ex rel. Chin v.

St. Barnabas Med. Ctr., 160 N.J. 454, 469-70 (1999) (quoting Rosenberg by Rosenberg v. Cahill, 99 N.J. 318, 325 (1985))).

Defendants argue that it is not common knowledge that mental health providers in a jail setting are responsible for continuing drug withdrawal regimens, especially given that such providers cannot lawfully prescribe medications.  In other words, this is not a situation where jurors, using ordinary experience and understanding, would be able to determine a defendant's negligence without the benefit of the specialized knowledge of experts.  The Court agrees and rejects Plaintiff's argument that, even if the Affidavit of Merit was untimely, no such Affidavit is needed.

ACCORDINGLY, for the foregoing reasons, IT IS HEREBY, on this **8th** day of **February 2017**,

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Dkt. No. 29] is **GRANTED**.

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              UNITED STATES DISTRICT JUDGE